IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-22-0453-F |
| ) | |
| VINCENT ANTONIO PENDLETON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The court has preliminarily reviewed the presentence report and the addendum, doc. no. 19. The court notes what amounts to a general denial of the facts set forth in paragraph 8 of the PSR. *Id.* at 16.

A defendant who wants to require the sentencing judge to hear evidence and find facts as to matters the defendant would assert to be genuinely contested (and which may have an impact on sentencing) must:

> [M]ake "specific allegations of factual inaccuracy." *See United States v. Murray,* 82 F.3d 361, 363 (10th Cir.1996). He ha[s] "an affirmative duty to make a showing that the information in the PSR was unreliable and articulate the reasons why the facts contained therein [were] untrue or inaccurate." *United States v. Terry,* 916 F.2d 157, 162 (4th Cir.1990). The fact that he objected to the conclusion in the PSR is not sufficient to imply that a controverted matter exists. Because he failed to make any allegations of factual inaccuracy, the district court's fact-finding obligation under Rule 32(i)(3)(B) was never triggered.

*United States v. Rodriguez-Delma*, 456 F.3d 1246, 1254 (10th Cir. 2006).

This case is set for sentencing on July 11, 2023. The defendant is **DIRECTED** to file, not later than ten days before the sentencing date, a memorandum:

1. Specifying the precise matters stated in paragraph 8 which the defendant contests as a factual matter, and
2. Stating "the reasons why the facts contained therein" are untrue.  *Id.*[1]

IT IS SO ORDERED this 5th day of June, 2023.

*[signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0453p004.docx

---

[1] Without *in any way* intimating a view as to the probable merits of the defendant's denial of the matters set forth in paragraph 8, the will note that, under the sentencing guidelines, a "defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility, but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous."  USSG § 3E1.1, App. Note 1(A).